UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA AYALA,

                        Plaintiff,

           *- against -*

CAROLYN W. COLVIN,
 Acting Commissioner of Social Security,

                      Defendant.

15 Civ. 7041 (CS)(PED)

REPORT AND
RECOMMENDATION

TO:    THE HONORABLE CATHY SEIBEL,
          UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff Maria Ayala, proceeding *pro se*, brings this action pursuant to the Social Security

Act (the "Act"), 42 U.S.C. §§ 405(g) and 1383(c) (2012), challenging the dismissal of her request

for an administrative hearing and denial of her application for benefits by Defendant Commissioner

of Social Security (the "Commissioner").  (Dkt. 2.)

Presently before this Court, pursuant to an order of reference, (Dkt. 7), is the

Commissioner's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, on the basis that Plaintiff failed to file this lawsuit within sixty

(60) days after receipt of the Commissioner's final decision, as required by 42 U.S.C.§ 405(g).

(Dkts. 14 (Notice of Mot.), 15 (Defendant's Memorandum of Law ("Def.'s Mem.")), 16

(Declaration of Roxie Rasey Nicoll ("Nicoll Decl.")).)  For the reasons set forth below, the

Commissioner's motion should be **GRANTED**.

## II. BACKGROUND

Plaintiff initially filed an application for disability insurance benefits on May 20, 2009,

which was denied on July 24, 2009.  (Nicoll Decl. ¶ 4(a), Exhs.[1] 1-2.)  On December 29, 2010, after a hearing held at Plaintiff's request, Administrative Law Judge ("ALJ") Richard J. Ortiz-Valero issued a finding that Plaintiff was not disabled.  (Id. at ¶ 4(b), Exh. 3.)  On August 4, 2011, the Appeals Council denied Plaintiff's request for review.  (Id. at ¶ 4(c), Exh. 4.)  Plaintiff then brought a civil action in this Court, and upon the stipulation of the parties, a judgment was issued on July 20, 2012 remanding the case to the Commissioner for further administrative proceedings.  (Id. at ¶ 4(d), Exh. 5.)  The Appeals Council remanded the case on August 30, 2012 to an ALJ for further administrative proceedings (id. at ¶ 4(e), Exh. 6), and ALJ Kenneth L. Scheer issued a decision on January 7, 2013 finding Plaintiff not disabled under the Act.  (Id. at  ¶ 4(f), Exh. 7.)  The ALJ mailed a copy of the decision to Plaintiff and her representative, advising Plaintiff of her right to file exceptions to the decision within 30 days from the date of receipt and of the right to commence a civil action between the 61st and 121st day from the date of receipt.  (Exh. 7)  The decision also explained that requests for extensions of time to file exceptions to the ALJ's decision must be filed within 30 days of receipt of the notice, and that a claimant must explain why extra time is needed if she were to request an extension of more than 30 days.  (Id.)

On July 11, 2013, Plaintiff's representative submitted a copy of a letter dated February 28, 2013, requesting an extension of time to file exceptions to the ALJ's decision and stating that his request was untimely due to a "clerical error" at his office which resulted in the decision being "incorrectly flagged during mail processing."  (Id. at ¶ 4(g), Exh. 8.)  On August 30, 2013, Plaintiff filed exceptions with the Appeals Council.  (Id. at 4(h), Exh. 9.)  On April 14, 2015, the Appeals Council notified Plaintiff and her representative of its determination that the exceptions were untimely, that good cause did not exist for the untimely filing, and that the January 7, 2013 hearing

---

[1] Hereinafter, all citations to "Exh. ___" refer to exhibits attached to the Nicoll Decl.

decision stood as the final decision of the Commissioner.  (Id. at 4(h), Exh. 10.)  The April 14, 2015 letter advised Plaintiff of her right to file a civil action within 60 days of receipt, and further advised that she could apply to the Appeals Council for an extension.  (See id.)  Plaintiff did not seek an extension from the Appeals Council.  (Id. at 4(i).)  Plaintiff filed this action on September 4, 2015, over four months after the Appeals Council's letter.  (See Dkt. 2.)

The Commissioner's motion to dismiss was filed on February 3, 2016.[2]  (Dkts. 14-15.) Plaintiff did not file any response to the motion.  However, in view of Plaintiff's *pro se* status and the fact that the Commissioner had not provided Plaintiff with the notice required by Local Civil Rule 12.1, on June 8, 2016 the Court *sua sponte* entered an order extending Plaintiff's time to file a response to the motion and providing Plaintiff with a copy of the notice and text required by the Local Rule.  (Dkt. 17.)  The Order specifically alerted Plaintiff to the timeliness issue and the availability of equitable tolling.  (Id.)  The Order explained:

> The Commissioner has moved to dismiss the action, alleging that Plaintiff failed to file this lawsuit within sixty (60) days after receipt of the Commissioner's final decision, as required by 42 U.S.C. § 405(g).  Indeed, failure to comply with that statutory deadline ordinarily precludes later review in federal court.  The Court notes, however, that "the doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that [she] has been pursuing [her] rights diligently and that some extraordinary circumstance stood in [her] way.  The plaintiff must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [her] filing. . . . ."  Gonzalez v. Comm'r of Soc. Sec., No. 14-CV-7576 (MKB), 2016 WL 843287, at *3 (E.D.N.Y. Mar. 1, 2016) (internal citations omitted).

(Id.)  Plaintiff filed an "Opposition to Motion to Dismiss" dated June 28, 2016.  (Dkt. 18.)  The Commissioner has not filed a reply.

_____

[2]  The Nicoll Declaration was signed on December 23, 2015 and docketed on May 18, 2016.

3

### III.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss for failure to state a claim "tests the legal sufficiency of [a] plaintiff's claim for relief."  Krasner v. HSH Nordbank AG, 680 F. Supp. 2d 502, 511 (S.D.N.Y. 2010).  In deciding the motion, the Court must accept as true all factual allegations made in the complaint and draw all reasonable inferences in favor of the plaintiff.  Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006).  To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly v. Bell Atlantic Corp., 550 U.S. 544, 570 (2007)).

The Court also must read pro se pleadings "liberally" and interpret them "to raise the strongest arguments" that they may suggest.  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)).  "Dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements."  Carvel v. Ross, No. 09 Civ. 722 (LAK) (JCF), 2011 WL 856283, at *8 (S.D.N.Y. Feb. 16, 2011)[3].

### IV.  DISCUSSION

Judicial review of a final decision by the Commissioner denying benefits is expressly limited by Section 405 of the Act.  See 42 U.S.C. § 405(g)-(h) (2012).  Under these provisions, a plaintiff must present his claims in federal court within sixty days after the mailing of the notice of a final decision, or within such further time as the Commissioner may allow.  Id. § 405(g). "Because the 60–day time limit defines the terms on which the United States waives its sovereign

---

[3]  Copies of unreported cases cited herein will be mailed to Plaintiff.  See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

immunity and consents to be sued, it is strictly construed." Davila v. Barnhart, 225 F. Supp. 2d 337, 338 (S.D.N.Y. 2002) (citing Bowen v. City of New York, 476 U.S. 467, 479 (1986); Randell v. United States, 64 F.3d 101, 106 (2d Cir. 1995)).

The "60–day requirement is not jurisdictional, but rather constitutes a period of limitations." Bowen, 476 U.S. at 478 (citations omitted).  Thus, the expiration of this statute of limitations is an affirmative defense which may be asserted under Rule 12(b)(6).  See, e.g., Borrero v. Colvin, No. 14 Civ. 5304 (LTS) (SN), 2015 WL 1262276, at *2–3 (S.D.N.Y. Mar. 19, 2015); Rodriguez ex rel. J.J.T. v. Astrue, No. 10 Civ. 9644 (PAC) (JLC), 2011 WL 7121291, at *2 (S.D.N.Y. July 25, 2011). The Commissioner may toll the sixty-day limitations period, see 42 U.S.C. § 405(g), and traditional equitable tolling principles apply.  Bowen, 476 U.S. at 480.  Equitable tolling "permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'"  Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir.2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

> Circumstances that justify equitable tolling include circumstances where the plaintiff (i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment.  The plaintiff bears the burden of demonstrating that equitable tolling is justified.

Gonzalez, 2016 WL 843287, at *3 (internal citations omitted).

The Council's denial of Plaintiff's request for review of the ALJ Decision on April 14, 2015 constituted the final decision of the Commissioner and started the running of the sixty-day clock. Plaintiff is presumed to have received that decision no later than five days after it was mailed. See 20 C.F.R. § 404.901 (2016).  Accordingly, as the Notice stated, Plaintiff had, at most, sixty-five days, i.e., until June 18, 2015, to commence this action.  Plaintiff filed her complaint on September

4, 2015, seventy-eight days after the expiration of the sixty-day period.   "Judges in this District routinely dismiss actions in which claimants miss the filing date . . . ." Valenzuela v. Comm'r of Soc. Sec., No. 14 CV 7380 (GBD) (FM), 2015 WL 10437776, at *2 (S.D.N.Y. Dec. 30, 2015), report and recommendation adopted, No. 14 CV 07380 (GBD)(FM), 2016 WL 918619 (S.D.N.Y. Mar. 9, 2016) (citing Borrero, 2015 WL 1262276, at *4 (nine days late)); Twumwaa v. Colvin, No. 13 Civ. 5858 (AT)(JLC), 2014 WL 1928381, at *3 (S.D.N.Y. May 14, 2014) (seven days late); Courtney v. Colvin, No. 13 Civ. 2884 (AJN)(SN), 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) (four days late); Rodriguez ex rel. J.J.T., 2012 WL 292382, at *2 (three weeks late); Johnson v. Comm'r of Soc. Sec., 519 F. Supp. 2d 448, 449 (S.D.N.Y. 2007) (nine days late)).

   In her opposition, Plaintiff explained that she is a "a very sick person and . . . not qualified to work" because of a variety of illnesses and disabilities due to a stroke, and attached copies of medical records supporting her claim.  (Dkt. 18.)  Even construing the *pro se* pleadings in this case liberally, as the Court is required to do, see, e.g., Chavis, 618 F.3d at 170, Plaintiff has not met her burden of demonstrating that equitable tolling is justified.  See, e.g., Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988) ("Allowing disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine Section 205(g)'s sixty-day limitation period.").  Plaintiff's federal action is time barred and should be dismissed.

## IV. **CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Commissioner's motion to dismiss (Dkt. 14) be **GRANTED**.


Dated: July 13, 2016
        White Plains, New York

Respectfully submitted,

Paul E. Davison
United States Magistrate Judge


## **NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Cathy Seibel, at the Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.

7